UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

ALFREDO VICTORIA,

                              Plaintiff,

                    v.                                   9:06-CV-1129
                                                             (FJS/RFT)

C.O. MOFEE, Southport Correctional Facility;
SGT. YORKEY, Auburn Correctional Facility;
J. TEETER, C.O. Auburn Correctional Facility;
C.O. PORTEN, Auburn Correctional Facility;
and E. FAGAN, C.O. Auburn Correctional Facility,

                              Defendants.
_____

APPEARANCES

ALFREDO VICTORIA
00-A-2489
Southport Correctional Facility
P.O. Box 2000
Pine City, New York 14871
Plaintiff *pro se*

SCULLIN, Senior Judge

## MEMORANDUM-DECISION AND ORDER

### I. BACKGROUND

       Currently before the Court is Plaintiff Alfredo Victoria's amended complaint, *see* Dkt. No. 11, which he submitted in compliance with this Court's October 20, 2006 Memorandum-Decision and Order, *see* Dkt. No. 7.

       In his original complaint, Plaintiff alleged that he was assaulted and was denied proper medical treatment and food at both Auburn and Southport Correctional Facilities. In its October 20, 2006 Memorandum-Decision and Order, the Court advised Plaintiff that he must set forth

sufficient facts upon which the Court could rely to determine whether the alleged constitutional violations occurred. *See id.* at 4. The Court also advised Plaintiff that he must state the dates on which the Defendants' actions allegedly injured him and where the alleged misconduct occurred. *See id.* Finally, the Court advised Plaintiff that he must allege specific instances of wrongdoing against each named Defendant. *See id.* at 5.

## II. DISCUSSION

Initially, the Court notes that Plaintiff has not personally signed the amended complaint. Documents that parties submit for filing with the Court must bear the original signature of the party of record. *See Lee v. Superintendent of N.Y.S. Div. of Parole*, No. 97-CV-0473, 1997 WL 538909, *1 (N.D.N.Y. Aug. 26, 1997) (citations omitted). Nevertheless, in light of Plaintiff's *pro se* status, the Court has reviewed the amended complaint to determine whether Plaintiff has complied with the Court's October 20, 2006 Memorandum-Decision and Order and concludes that he did not.

Plaintiff's amended complaint contains allegations that DOCS Commissioner Glenn S. Goord failed to protect Plaintiff from unnamed correctional officers who "assaulted [him] without provocation." *See* Dkt. No. 11 at 1-3. Plaintiff alleges that Commissioner Goord is responsible for this "civil rights violation" because of his "action and inactions," including not recognizing the prevalence of assaults on inmates at the hands of the corrections staff. *See id.* at 1.

In addition, Plaintiff's amended complaint does not contain a proper caption that clearly identifies each individual whom Plaintiff is suing. Rather, Plaintiff includes a caption only on

the "Declaration of Service" that he attached to his amended complaint. *See id.* at 6.[1] Moreover, although Plaintiff lists the same individuals as Defendants whom he named in his original complaint, he does not assert any allegations of wrongdoing against them. Where a plaintiff lists an individual as a defendant in the caption of his complaint but does not indicate in the body of the complaint what that defendant did to him, dismissal is appropriate. *See Gonzalez v. City of N.Y.*, No. 97 CIV. 2246, 1998 WL 382055, *2 (S.D.N.Y. July 9, 1998) (citing *Crown v. Wagenstein*, 1998 WL 118169, at *1 (S.D.N.Y. Mar. 16, 1998) (mere inclusion of warden's name in complaint insufficient to allege personal involvement); *Taylor v. City of N.Y.*, 953 F. Supp. 95, 99 (S.D.N.Y. 1997) (same)).

As previously noted, Plaintiff alleges that Glenn S. Goord failed to protect him from an assault. *See* Dkt. No. 11 at 1. However, Plaintiff has failed to provide sufficient facts upon which this Court can rely to determine whether this violation occurred. For example, Plaintiff does not state where the alleged assault occurred or who perpetrated the assault;[2] Plaintiff merely alleges that he was assaulted and that Commissioner Goord should have known about the prevalence of inmate assaults at the hands of correctional officers. *See id.* The law in this Circuit clearly provides that "complaints relying on the civil rights statutes are insufficient unless they contain some specific allegations of fact indicating a deprivation of rights, instead of a litany of general conclusions that shock but have no meaning." *Hunt v. Budd*, 895 F. Supp. 35, 38

---

[1] The Court also notes that Plaintiff did not list Glenn S. Goord as a Defendant in the "caption" that appears on this "Declaration of Service." *See* Dkt. No. 11 at 6.

[2] The Court also notes that Plaintiff has named one defendant, C.O. Mofee, who is employed at Southport Correctional Facility. Southport Correctional Facility is located within the Western District of New York; and, therefore, this Court is not the proper venue for a complaint alleging civil rights violations at that facility.

(N.D.N.Y. 1995) (quoting *Barr v. Abrams*, 810 F.2d 358, 363 (2d Cir. 1987)); *Pourzandvakil v. Humphry*, No. 94-CV-1594, 1995 WL 316935, *7 (N.D.N.Y. May 23, 1995) (quotation omitted).

For all of these reasons, the Court finds that Plaintiff's amended complaint fails to remedy the defects in his original complaint that the Court clearly and explicitly noted in its October 20, 2006 Memorandum-Decision and Order.

### III. CONCLUSION

After reviewing the amended complaint that Plaintiff submitted in accordance with this Court's October 20, 2006 Memorandum-Decision and Order, the Court hereby

**ORDERS** that Plaintiff's amended complaint is **DISMISSED WITHOUT PREJUDICE** due to Plaintiff's failure to comply with the terms of this Court's October 20, 2006 Memorandum-Decision and Order and for the reasons stated herein; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Order on Plaintiff.

**IT IS SO ORDERED.**

Dated: January 23, 2007
       Syracuse, New York

                                                    Frederick J. Scullin, Jr.
                                                    Senior United States District Court Judge